J-A10038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL VEON | |
| Appellant | No. 1128 MDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004656-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 10, 2015**

Appellant, Michael Veon, appeals from the order entered in the Dauphin County Court of Common Pleas, denying his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. While serving as a member of the Pennsylvania legislature, Appellant used public resources to further his own political campaigns.  Appellant diverted taxpayer monies to pay "bonuses" to campaign and legislative staffers for campaign work.  Additionally, Appellant's staffers performed the campaign work during the legislative working day, further consuming public resources.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Following trial, a jury convicted Appellant of multiple counts of restricted activities—conflict of interest, theft of services, theft by deception, and criminal conspiracy. On June 18, 2010, the court sentenced Appellant to an aggregate term of five (5) years nine (9) months to fourteen (14) years' imprisonment. Appellant filed post-sentence motions on Friday, July 2, 2010, which the court denied on October 26, 2010.

Appellant filed a notice of appeal on November 24, 2010. On April 26, 2011, this Court issued a rule to show cause, directing Appellant to explain why this Court should not quash his appeal as untimely filed. Appellant filed a response on May 12, 2011. On May 18, 2011, this Court discharged the show cause order without taking further action. This Court also referred the timeliness issue to the merits panel assigned to Appellant's case. This Court noted, "The merits panel may revisit the timeliness issue. Therefore, Appellant should be prepared to address the issue…." (Order, filed 5/18/11, at 1). On December 13, 2012, a panel of this Court (with one dissent) quashed the appeal as untimely filed. *See Commonwealth v. Veon*, 64 A.3d 19 (Pa.Super. 2012) (unpublished memorandum).

Appellant filed a counseled PCRA petition on April 26, 2013, arguing prior counsel were ineffective for failing "to file timely post-[sentence] motions and a timely notice of appeal after being specifically requested by [Appellant] to appeal his conviction to the Pennsylvania Superior Court." (PCRA Petition, filed 4/26/13, at 4). On August 26, 2013, Appellant filed an

- 2 -

amended PCRA petition, in which he continued to assert his claim of prior counsels' ineffectiveness. The amended petition also included a list of witnesses who would testify on Appellant's behalf, as well as summaries of the proposed witnesses' testimony.

On October 2, 2013, the Commonwealth filed a motion to dismiss Appellant's PCRA petition as untimely filed. Also on October 2, 2013, the Commonwealth filed a response to Appellant's amended PCRA petition, asserting:

> [Appellant] was sentenced on June 18, 2010. His conviction became final on July 18, 2010, when the 30-day deadline for a timely appeal to the Superior Court passed. He therefore had until July 18, 2011…to file for relief under the PCRA. He, however, did not file his initial petition until April 2[6], 2013.

(Response to Amended PCRA Petition, filed 10/2/13, at 4). The court conducted argument on December 4, 2013. On June 10, 2014, the court granted the Commonwealth's motion to dismiss and denied PCRA relief.

Appellant timely filed a notice of appeal on July 9, 2014. On July 16, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on August 6, 2014.

As a preliminary matter, we must determine whether Appellant timely filed his current PCRA petition. *Commonwealth v. Harris*, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely

PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." ***Commonwealth v. Brown***, 596 Pa. 354, 361, 943 A.2d 264, 268 (2008).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, the petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the court sentenced Appellant on June 18, 2010. Because Appellant's post-sentence motions were due on or before Monday, June 28, 2010, but untimely filed on Friday, July 2, 2010, his judgment of sentence became final on Monday, July 19, 2010, upon expiration of the 30-day period to file a direct appeal from the judgment of sentence. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the current PCRA petition on April 26, 2013, almost three years after his judgment of sentence became final. Thus, Appellant's current prayer for relief is patently untimely. *See Brown, supra* (explaining one-year period for filing PCRA petition commenced upon expiration of time allowed for filing direct appeal, rather than upon

disposition of untimely filed notice of appeal). ***See also Commonwealth v. Hutchins***, 760 A.2d 50 (Pa.Super. 2000) (stating one-year period for filing PCRA petition commenced after expiration of time allowed for seeking further review by Pennsylvania Supreme Court on direct appeal, even though defendant later filed untimely petition for allowance of appeal, which Supreme Court denied). Moreover, Appellant failed to plead or prove one or more of the statutory exceptions to the PCRA timeliness requirements.[2] Therefore, Appellant's petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

---

[2] In his brief, Appellant attempts to invoke an exception to the time restrictions of the PCRA, arguing the facts upon which his claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant also argues that application of the PCRA time restrictions is unconstitutional as applied to a petitioner alleging the denial of his constitutional right to a direct appeal due to the abandonment of counsel. Nevertheless, Appellant failed to raise these arguments before the PCRA court. ***See Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011) (reiterating issues not raised in PCRA petition cannot be considered on appeal); ***Commonwealth v. Wallace***, 533 A.2d 1051 (Pa.Super. 1987) (explaining constitutional issues are waived if not raised and preserved at all levels of adjudication). Moreover, Appellant failed to advance these specific arguments in his Rule 1925(b) statement. ***See Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (stating general rule that any issue not included in Rule 1925(b) statement is waived for purposes of appellate review). Therefore, Appellant failed to preserve these arguments advanced in his brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/10/2015</u>