533 A.2d 1051

COMMONWEALTH of Pennsylvania, Appellee,

v.

Eric WALLACE, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 22, 1986.

Filed Nov. 25, 1987.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, MONTEMURO and KELLY, JJ.

CAVANAUGH, Judge:

Appellant entered a plea of *nolo contendere* to charges of robbery and criminal conspiracy. While admitting his involvement in the street robbery, appellant denied using a knife in perpetration of the crime as claimed by the complainant at the plea hearing. The court found that appellant had in fact used a knife during the robbery, and accordingly added the deadly weapon enhancement [1] to the minimum ranges. Appellant was sentenced to two concurrent terms of two to ten years imprisonment. Following denial of his petition for reconsideration of sentence, appellant filed the instant appeal.

The sole issue raised on appeal is a constitutional challenge to the deadly weapon enhancement provision. This provision mandates augmented sentencing ranges when the accused possesses a deadly weapon during the commission of an offense. It is appellant's position that the terms "possession" and "deadly weapon" are impermissibly vague. Appellant also claims that the deadly weapon enhancement provision is overbroad and violative of substantive due process because of the lack of a nexus between the particular behavior sought to be prevented, and the wide range of behavior actually proscribed by the wording of the provision.

Appellant's argument rests solely on this court's *en banc* decision in *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985), *aff'd., per curiam* 516 Pa. 21, 531 A.2d 1111 (1987). However, the view of the deadly weapon enhancement provision as unconstitutionally vague and

1. 42 Pa.C.S. § 9721; 204 Pa.Code § 303.4.

overbroad was adopted by only three of the nine judges on the panel, and did not command a majority of the court; it is therefore not binding in the case at bar.

In a recent decision in *Commonwealth v. McKeithan*, 350 Pa.Super. 160, 504 A.2d 294 (1986), we declined to follow the holding in *Taylor*. Instead, in considering appellant's facial attack on the vagueness of the statute, and absent a claim of infringement of First Amendment freedoms, it was held that the specificity of the statute is to be measured against the actual conduct in which the appellant engaged. *Commonwealth v. Heinbaugh*, 467 Pa. 1, 4–5, 354 A.2d 244, 245 (1976).

■ The terms which appellant challenges as vague are "possession" and "deadly weapon". There is no assertion by appellant that his First Amendment rights were infringed. The arguments made by appellant deal exclusively with a range of scenarios where application of the deadly weapon enhancement provision would arguably work an unconstitutional result. Unfortunately for the appellant, his case exists outside the realm of the hypothetical, and we are compelled to look to the facts at hand, and appellant's own conduct, in order to judge the vagueness of the statute. The complainant testified that appellant approached her, held an eight-inch knife to her throat and demanded her valuables. Appellant has not claimed that the term "possession" was so vague as to preclude him from realizing that his possession of the knife was behavior encompassed by the deadly weapon enhancement provision. Further, there could be no serious argument advanced which would convince us that the knife could have been considered anything but a deadly weapon by appellant, in view of the circumstances and manner in which it was used. It is eminently clear that the conduct appellant engaged in is precisely the kind of criminal activity that the statute was designed to deter and punish with enhanced prison sentences.

Appellant's only other claim on appeal is that the statute is unconstitutional as overbroad and violative of substantive due process. It is urged that, due to its overbreadth, the statute will have an impact on activities which are not the intended focus of the deadly weapon enhancement provision, and which are protected by the First Amendment.

■ Appellant may have standing to challenge the statute as overbroad even though he does not claim that his own conduct was within the sphere of protected activity. Such a challenge may be raised vicariously on behalf of others against whom the statute may be unconstitutionally applied. *Commonwealth v. DeFrancesco*, 481 Pa. 595, 609–611, 393 A.2d 321, 328–329 (1978).

■ We note at this point that appellant failed to raise the overbreadth claim in his petition to vacate and reconsider sentence. As a general rule, such an omission would preclude this court from examining the issue. Pursuant to Pa.R.App.P. 302(a), "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Id. See also Commonwealth v. Johnson*, 355 Pa.Super. 123, 140–141, 512 A.2d 1242, 1251 (1986); *Commonwealth v. Baker*, 352 Pa.Super. 260, 264, 507 A.2d 872, 874 (1986); *Commonwealth v. Whetstine*, 344 Pa.Super. 246, 256, 496 A.2d 777, 782 (1985); *Commonwealth v. Carrillo*, 319 Pa.Super. 115, 123, 465 A.2d 1256, 1260 (1983). We recognize that there is a well-established exception to the above rule concerning issues that go to the legality of sentence. *Commonwealth v. Button*, 332 Pa.Super. 239, 251 n. 8, 481 A.2d 342, 348 n. 8 (1984). Such issues can never be waived solely on the basis of procedural error and may be raised for the first time on appeal. *Commonwealth v. Lee*, 363 Pa.Super. 400, 404–405, 526 A.2d 405, 406–407 (1987); *Commonwealth v. Adams*, 350 Pa.Super. 506, 516, 504 A.2d 1264, 1269 (1986); *Commonwealth v. Barnhart*, 345 Pa.Super. 10, 33, 497 A.2d 616, 628–629 (1985); *Commonwealth v. Bossche*, 324 Pa.Super. 1, 4–5, 471 A.2d 93,

94–95 (1984); *Commonwealth v. Fulton*, 315 Pa.Super. 420, 422 n. 4, 462 A.2d 265, 266 n. 4 (1983); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 459 n. 17, 442 A.2d 1133, 1142 n. 17 (1982).

The legality of sentence exception to the waiver doctrine has traditionally been limited to situations where the claim is that the sentence is facially illegal. The obvious example is a case where a sentence is beyond the statutorily pre-scribed limits. *See e.g., Commonwealth v. Ohlinger*, 337 Pa.Super. 437, 440, 487 A.2d 25, 26 (1985) (minimum sentence proscribed under Youth Offender's Act); *Commonwealth v. Britton*, 334 Pa.Super. 203, 221, 482 A.2d 1294, 1304 (1984) (*en banc*) *appeal dismissed* 509 Pa. 620, 506 A.2d 895 (sentence beyond the statutory limits); *Commonwealth v. Mathis*, 317 Pa.Super. 362, 372, 464 A.2d 362, 368 (1983) (definition of "illegal sentence"); *Commonwealth v. Reardon*, 297 Pa.Super. 193, 199–200, 443 A.2d 792, 795 (1981) (sentence in excess of statutory maximum). Moreover, as in *Commonwealth v. Campbell*, 351 Pa.Super. 56, 505 A.2d 262 (1986), "The question of the legality of multiple sentences based on a claim that the convictions should have merged for sentencing, is not waived by the failure to raise it in the trial court. This is because multiple sentences ... are beyond the power of the trial court." *Id.,* 351 Pa.Superior Ct. at 63, 505 A.2d at 265. *See also Commonwealth v. Nelson*, 337 Pa.Super. 292, 305, 486 A.2d 1340, 1347 (1984) (claim that offenses merged for sentencing purposes not waived); *Commonwealth v. Fulton, supra* (same); *Commonwealth v. Welch*, 291 Pa.Super. 1, 3, 435 A.2d 189, 189 (1981) (same).

Appellant herein does not complain of a merger of offenses or the imposition of a sentence in excess of the statutory maximum. Rather, in situations like the present, the "illegality" arises because the sentence is alleged to be tainted by the unconstitutionality of the factors considered in the exercise of the court's discretion, not because the sentence is improper under settled sentencing strictures.

Constitutional claims such as the ones involved in this appeal should be raised and preserved at each level of the criminal proceeding in order that the reviewing court will have the benefit of the lower court record on these issues. As President Judge Cirillo recently observed in a thoughtful and exhaustive examination of the subject, "The Pennsylvania Supreme Court has clearly held that constitutional issues, even sentencing issues based on the constitution, are waived if not properly raised in the trial court." *Commonwealth v. Hartz*, 367 Pa.Super. 267, 273, 532 A.2d 1139, 1142 (1987). (Cirillo, P.J. concurring).[2] In his *Hartz* concurrence, Judge Cirillo discussed challenges to the constitutionality of sentencing factors as well as claims that go to the legality of sentence or the jurisdiction of the court. *See also Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134, 135 (1987) ("[I]ssues of constitutional dimensions can be waived.); *Commonwealth v. Walton*, 483 Pa. 588, 600, 397 A.2d 1179, 1185 (1979) (allegation that the lower court's construction of a restitution statute violated due process was waived when not raised at the sentencing hearing); *Commonwealth v. Lee*, 478 Pa. 70, 73 n. 4, 385 A.2d 1317, 1319 n. 4 (1978) (due process challenge to the imposition of sentence by a judge other than appellant's trial judge was waived); *Commonwealth v. McConnell*, 470 Pa. 312, 315–316, 368 A.2d 646, 647–648 (1977) (claim that a life sentence was unconstitutional on equal protection and due process grounds was waived); *Commonwealth v. Boone*, 467 Pa. 168, 181, 354 A.2d 898, 904 (1975) (claim that the imposition of a maximum as well as minimum sentence violated due process was waived for failure to advance this argument at the sentencing proceedings.)

Quite recently, in *Commonwealth v. Sessoms*, 516 Pa. 365, 375–376, 532 A.2d 775, 780 (1987), our Supreme Court indicated that an attack upon the constitutionality of the

2. Judges Brosky and Johnson joined in the concurrence. Moreover, Judge Kelly joined in the constitutional non-waiver issue raised therein, in a separate concurrence.

Sentencing Guidelines would be subject to appellate review only "where the issue has been properly preserved at all stages of adjudication up to and including any direct appeal." *Id.* (quoting *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). *Sessoms* involved a challenge to the constitutionality of the procedure by which the Sentencing Guidelines were adopted. Concluding that the aforementioned procedure was constitutionally infirm and that the resulting Guidelines were invalid, the *Sessoms* court reinforced the well-entrenched principle that constitutional issues are waived if not raised and preserved at all levels of adjudication. *See also, Commonwealth v. Samuels,* 516 Pa. 300, 302–303, 532 A.2d 404, 405 (1987).[3]

In light of the controlling authority, we find that the appellant has waived his overbreadth challenge by failing to advance and preserve it in the court below. We are aware that our holding is in conflict with several recent Superior Court decisions that, without discussion or review of authority, equate constitutional issues with claims that go to the legality of sentence. *See e.g. Commonwealth v. Cooke,* 342 Pa.Super. 58, 68 n. 1, 492 A.2d 63, 68 n. 1 (1985); *Commonwealth v. Eliason,* 353 Pa.Super. 321, 324 n. 3, 509 A.2d 1296, 1298 n. 3 (1986); *Commonwealth v. Irving,* 347 Pa.Super. 349, 356, 500 A.2d 868, 872 (1985). To the extent that these cases contradict the ruling in *Sessoms* and clear precedents from our Supreme Court, they must be specifically rejected.

Judgment of sentence affirmed.

**3.** We cite *Sessoms* in this context only as support for the proposition that constitutional issues which were not raised and preserved in the lower court cannot be considered for the first time on appeal. The focus in *Sessoms* was upon the constitutionality of the mechanism by which the Sentencing Guidelines were adopted. The Supreme Court held that the process was flawed insofar as it failed to comply with the requirements delineated in Art. III § 9 of the Pennsylvania Constitution, dealing with "bicameral consideration and presentment for gubernatorial approval." *Sessoms, supra* 516 Pa. at 367–368, 532 A.2d at 776. Appellant herein has not challenged this aspect of the Guidelines and has limited his argument to the areas of vagueness and overbreadth.