J-S55002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVON ANTHONY HAIRSTON, | : | |
| | : | |
| Appellant | : | No. 116 MDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004751-2011

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:              **FILED SEPTEMBER 25, 2017**

Appellant, Davon Hairston, appeals *pro se* from the January 20, 2017 Order entered in the Dauphin County Court of Common Pleas dismissing his Motion to Modify Sentence,[1] which the court treated as a first Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.§§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed his December 29, 2016 Notice of Appeal from the December 12, 2016 Notice of Intent to Dismiss his PCRA Petition.  Appellant's appeal, therefore, was technically premature as this is not a final, appealable order. **See** Pa.R.A.P. 301; **Commonwealth v. Swartzfager**, 59 A.3d 616 (Pa. Sper. 2012).  However, on January 20, 2017, the PCRA court entered an Order dismissing Appellant's PCRA Petition.  Accordingly, this appeal was perfected by entry of a final order and its merits are properly before this Court.  **See Commonwealth v. Cooper**, 27 A.3d 994, 1004 (Pa. 2011) ("The appeal may have been premature when filed; but the subsequent actions of counsel and the trial court fully ripened it.").

On September 19, 2013, a jury convicted Appellant of Robbery, Aggravated Assault, Simple Assault, Terroristic Threats, Recklessly Endangering Another Person, Burglary, Theft by Unlawful Taking, and Criminal Conspiracy.[2]  The jury found that Appellant possessed and used a firearm while committing these crimes.[3]  On November 26, 2013, the court sentenced Appellant to an aggregate term of 84 to 168 months' incarceration.  Appellant did not file a direct appeal; however, following the filing of a PCRA Petition, on February 10, 2015, the PCRA court reinstated his direct appeal rights *nunc pro tunc*.

On direct appeal, Appellant challenged only the trial court having declined to order a psychiatric evaluation to determine whether Appellant was competent to stand trial.  After review, this Court concluded that this claim lacked merit and affirmed Appellant's Judgment of Sentence on September 22, 2015.  *Commonwealth v. Hairston*, No. 444 MDA 2015 (Pa. Super. filed Sept. 22, 2015) (unpublished memorandum).  The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  *Commonwealth v. Hairston*, 136 A.3d 979 (Pa. filed March 29, 2016).

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(i); 2702(a)(4); 2701(a)(3); 2706(a)(1); 2705; 3502(a); 3921(a); and 903, respectively.

[3] N.T., 3/13/15, at 172-173.

On July 18, 2016, Appellant filed a Post-Sentence Motion to Modify Sentence. The court treated this Motion as a PCRA Petition, and appointed PCRA counsel. On August 15, 2016, and September 1, 2016, the PCRA court docketed letters that Appellant sent to his appointed counsel informing her of the issues he wanted her to raise in an amended PCRA Petition.

However, in lieu of filing an amended PCRA Petition, on November 4, 2016, PCRA counsel filed a Motion to Withdraw as Counsel and a *Turner*/*Finley*[4] no-merit letter, further developing the issues raised by Appellant in his PCRA Petition and subsequent letters to her, and concluding that those issues were frivolous.

Specifically, counsel notified the court that Appellant sought to raise the following issues in his PCRA Petition: (1) that his due process rights were violated when he was charged as an adult, even though he was under the age of 18 at the time of the offense and no hearing was held to transfer the case; (2) he was sentenced as a repeat felony offender, even though he never had an adult conviction prior to this case; (3) he was sentenced under a deadly weapon enhancement, even though he was never found guilty of using or possessing a deadly weapon; and (4) he received an illegal sentence, as he was sentenced to a mandatory minimum. *See* Mot. to Withdraw, 11/14/26, at ¶ 11.

---

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant did not file a response to counsel's Motion and *Turner*/*Finley* no-merit letter.

On December 12, 2016, the PCRA court granted counsel's Motion to Withdraw and filed a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. The PCRA court's Order gave Appellant 30 days in which to file a response. Appellant did not file a response to the Notice; instead, on December 29, 2016, he filed a *pro se* Notice of Appeal. On January 13, 2017, Appellant filed a Pa.R.A.P. 1925(b) Statement, although not ordered to do so by the PCRA court.

On January 20, 2017, the PCRA court filed a Statement in Lieu of Memorandum Opinion in which it dismissed Appellant's Petition and adopted its December 12, 2016 Memorandum Order for purposes of compliance with Rule 1925(a).

Appellant raises the following five issues on appeal, which we have reordered for ease of disposition:

[1.] W[ere] [Appellant's] procedural and substantive due process rights violated when the Commonwealth failed to conduct a Pre-Sentence Investigation Report to determine if a Decertification Hearing was warranted.

[2.] Was [Appellant] given notice of accusations as it relates to [the Sixth Amendment to the United States Constitution] and 18 Pa.C.S. § 104(3)-(4), to insure [Appellant] was provided adequate and sufficient notice of the nature and cause in this case.

[3.] Were the sentences imposed upon [Appellant] illegal sentences lacking statutory authorization[] when imposed outside of the Sentencing Code pursuant to 42 Pa.C.S. § 9721(a)(a.1)(1-7)[*sic*].

- 4 -

[4.] Does Title (18 Pa.C.S. §§ 1101-1104 and 1301 *et seq.*)
[*sic*] possess any statutory authority.

[5.] Was the Judgment of Sentencing Order completed in error
constituting an illegal sentence.

Appellant's Brief at 3 (some capitalization omitted).

We review the denial of a PCRA Petition to determine whether the
record supports the PCRA court's findings and whether its Order is otherwise
free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.
2014). "The scope of review is limited to the findings of the PCRA court and
the evidence of record, viewed in the light most favorable to the prevailing
party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.
2014) (citation omitted).

In his first issue, Appellant claims that the Commonwealth violated his
due process rights by not conducting a "Pre-Sentence Investigation Report
to determine if a Decertification Hearing was warranted to determine
whether this case should have been Transfer[r]ed From Criminal
Proceedings." Appellant's Brief at 6. Subsumed within this claim are two
alternative arguments: (1) that the trial court erred in not considering
decertification; and (2) that the trial court should have ordered a Pre-
Sentence Investigation Report. ***Id.*** at 6, 8, 12.

Under the PCRA, an issue is waived "if the petitioner could have raised
it but failed to do so before trial, at trial, during unitary review, on appeal[,]
or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). Our
review of the record indicates that Appellant could have raised the claims of

- 5 -

error presented in his first issue either before the trial court in a Post-Sentence Motion or on direct appeal; rather he has raised them for the first time in the instant appeal. Accordingly, we find that Appellant has waived this claim.[5]

In his second issue, Appellant avers the Commonwealth violated his due process rights by not presenting him with "Formal or Specific Notice of the charges" against him. Appellant's Brief at 14. Consequently, he argues, it was impossible for him to defend himself.[6] *Id.* at 14-16. Our review confirms that that the PCRA court did not err in finding this issue meritless.

The filing of a criminal information satisfies the federal and state constitutional requirements that a defendant be given formal, specific notice of the charged crimes. *Commonwealth v. Nischan*, 928 A.2d 349, 356 (Pa. Super. 2007). Here, on January 20, 2012, Appellant signed a Notice of Arraignment, which listed the charges against him as "Robbery; Agg. Assault, et al.[,]" and on which he indicated his intention to plead not guilty. Arraignment Notice, 1/20/12. In addition, the Commonwealth filed a

_____

[5] Moreover, Appellant's allegation that the trial court erred by not ordering a Pre-Sentence Investigation Report is also factually inaccurate as the record reflects that the trial court ordered a Pre-Sentence Investigation on September 19, 2013.

[6] Within this argument, Appellant also claims for the first time that his counsel provided ineffective assistance. Appellant's Brief at 16. Appellant does not, however, set forth any argument in support of this sub-claim. Accordingly, we find it waived.

Criminal Information on February 10, 2012, and an Amended Information on March 7, 2012. Accordingly, we conclude that the Commonwealth provided Appellant with formal and specific notice of the crimes charged.

Appellant's third and fourth issues seem to be interrelated; thus, we address them together. Although his arguments are difficult to decipher, a generous reading indicates Appellant is alternately claiming that (1) his sentence is illegal because the court sentenced him outside of the Sentencing Code; and, (2) because the legislature separated the Sentencing Code from the Crimes Code, the court lacked authority to impose a sentence. Appellant's Brief at 22-28. Appellant also seems to argue, without citing to any relevant authority, that only mandatory minimum sentences are enforceable. *Id.* at 23, 27.

Appellant's argument is heavily reliant on his belief that "[t]he most important matter that needs to be understood is that almost all of the Sentencing Authority that Courts or Judges possessed before 1980 was stripped from the Courts when the Sentencing Code was [s]eparated from the Crimes Code." *Id.* at 22, 27. Appellant avers that his sentence "came from the Crimes Code (Title 18 Pa.C.S.), which is an illegal sentencing scheme that lacks 'Statutory Authorization.'" *Id.* at 24.

Appellant's argument demonstrates a fundamental misunderstanding of the purpose and function of, and the distinction between, the Sentencing and Crimes Codes. The trial court derives its sentencing authority from the Sentencing Code, while the Crimes Code sets forth the acts that the

- 7 -

legislature has deemed criminal and defines the elements of those offenses. The jury convicted Appellant under the Crimes Code, and the judge sentenced him to a term of incarceration under the Sentencing Code, as the legislature has authorized it to do pursuant to 42 Pa.C.S. § 9721(a) (delineating sentencing alternatives available to the trial court). Accordingly, the PCRA court did not err in concluding that Appellant's claim that the trial court lacked authority to sentence him was without merit.

In his last issue, Appellant alleges that his sentence is illegal both because the trial court failed to adequately indicate on the Judgment of Sentence the statutes pursuant to which it was sentencing him, and because this failure violated his due process rights. Appellant's Brief at 18-21.

Generally, illegal sentence claims are not waivable; however, constitutional due process sentencing claims are waived if they are raised for the first time on appeal. ***Commonwealth v. Stultz***, 114 A.3d 865, 885 (Pa. Super. 2015) (citing ***Commonwealth v. Wallace***, 533 A.2d 1051, 1054 (Pa. Super. 1987) (explaining that constitutional challenges, even sentencing challenges based on the constitution, are waived if they are not "raised and preserved at each level of the criminal proceeding in order that the reviewing court will have the benefit of the lower court record on these issues.")). Our review of the record indicates that Appellant raised this constitutional sentencing claim for the first time in his Rule 1925(b) Statement, and not in a Post-Sentence Motion. Thus, we find this issue waived. ***See*** 42 Pa.C.S. § 9544(b).

Even if Appellant had not waived this issue, it would not merit relief. This Court has held that, where a court has the authority to impose a sentence, its failure to cite a statute in the Sentencing Order does not result in an illegal sentence. ***Stultz***, ***supra*** at 885. Here, the trial court had authority pursuant to 42 Pa.C.S. § 9721 ("Sentencing generally") and 42 Pa.C.S. § 9756 ("Sentence of total confinement") to impose a prison sentence following Appellant's convictions. Accordingly, Appellant's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017