J-S49042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ANTHONY JONES, JR. | : | |
| | : | |
| Appellant | : | No. 397 MDA 2018 |

Appeal from the Judgment of Sentence February 5, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000887-2017

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS[*], P.J.E.

CONCURRING MEMORANDUM BY SHOGAN, J.:**FILED SEPTEMBER 18, 2018**

I respectfully concur in the result reached by the Majority wherein it affirmed Appellant's judgment of sentence.  I write separately because I conclude that Appellant failed to preserve his dubious claim concerning the infringement upon his right to intrastate travel for appellate review.

Generally, a challenge to an illegal sentence cannot be waived and may be reviewed *sua sponte* by this Court.  **Commonwealth v. Melvin**, 103 A.3d 1, 52 (Pa. Super. 2014).  However, the phrase "illegal sentence" is a term of art in Pennsylvania Courts that is applied to a narrow category of cases: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule announced in **Apprendi v. New Jersey**, 530

_____

[*]  Former Justice specially assigned to the Superior Court.

U.S. 466 (2000).[1] **Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (citation omitted). Additionally, a mandatory minimum sentence which runs afoul of the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99 (2013), also constitutes an illegal sentence.[2] Appellant's intrastate travel claim falls into none of these categories.

In his allocution, Appellant mentioned in passing that he has no ties to Adams County. N.T., 2/5/18, at 10. However, nowhere in the record does Appellant present a constitutional challenge concerning intrastate travel to the trial court. It is well settled that constitutional issues, even sentencing issues based on the constitution, are waived if not properly raised in the trial court. **Commonwealth v. Wallace**, 533 A.2d 1051, 1054 (Pa. Super. 1987).

Because Appellant failed to present his challenge to the constitutionality of his sentence to the trial court, I conclude that it is waived. Accordingly, I concur in the result reached by the Majority.

---

[1] In **Apprendi**, the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490.

[2] The decision in **Alleyne** provides that any fact that by law increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the crime, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a reasonable doubt. **Alleyne**, 570 U.S. at 116.