J-S28023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUSTIN LEE CREAMER | : | |
| | : | |
| Appellant | : | No. 1758 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000131-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 27, 2019**

Austin Lee Creamer appeals from the judgment of sentence imposed following his convictions for terroristic threats and related charges. Creamer challenges the court's application of the deadly weapon enhancement. We affirm.

The evidence presented at Creamer's jury trial, viewed in the light most favorable to the Commonwealth as verdict winner, established the following. Lark Anderson is the maternal grandmother of Creamer's son, of whom she has custody. Anderson's daughter, Victoria, is the mother of the child, and had been sharing a home with Creamer, but was preparing to leave the residence. On January 12, 2018, Anderson and Victoria went to the home in an attempt to retrieve the child's birth certificate and social security card and some of Victoria's clothing. Trial Court Opinion, filed 12/28/18, at 2-3.

_____

* Retired Senior Judge assigned to the Superior Court.

Victoria went to the bedroom to gather her clothing, and asked Creamer for the documents. Creamer refused to give them to her, and began yelling obscenities. Anderson then entered the bedroom and also instructed Creamer to hand over the documents. In response, Creamer, while walking towards her, pulled out a knife and threatened to slice her throat. Creamer held the knife within inches of Anderson's throat for approximately one minute. Creamer then called out to Billie Jo Yemm, who was also in the house at the time, and removed the knife from Anderson's throat. Yemm entered the room and was able to defuse the situation while Victoria finished packing her clothing. Victoria and Anderson left. Once outside, Anderson called 911. The police were dispatched to the home in response to the incident, and arrested Creamer. Incident to the arrest, the police searched Creamer and found, in the front pocket of his sweatshirt, an open pocketknife and a glass jar containing marijuana. *Id.* at 3-4.

Creamer was tried on charges of terroristic threats, recklessly endangering another person ("REAP"), possession of drug paraphernalia, and possession of marijuana.[1] The jury found Creamer guilty of terroristic threats and possession of drug paraphernalia, but not guilty of REAP. The court, sitting without a jury, then found Creamer guilty of possession of marijuana.[2]

_____

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2705; 35 P.S. §§ 780-113(a)(32), 780-113(a)(31)(i).

[2] The parties stipulated to the chain of custody of the drug evidence and the results of its testing.

At Creamer's sentencing hearing, the parties discussed the pre-sentence investigation report ("PSI"), which included a copy of the sentencing guidelines. *Id.* at 5. The guidelines included ranges for the suggested minimum sentence for terroristic threats, both with and without the "deadly weapon used" enhancement. With the enhancement, the sentencing guidelines called for a standard range of a minimum of six to seven months' imprisonment; the aggravated range extended to a minimum of ten months' imprisonment. *Id.* at 6; *see also* 204 Pa. Code § 303.17(b).[3] Neither party contested the accuracy of the guidelines. Tr. Ct. Op. at 5.

When asked which set of guidelines to apply (with or without the enhancement), Creamer's counsel stated, "I know that it's statutory. . . . [I]t would have been more instructive to put it on the jury sheet; but it is a court's determination. So obviously, the Court heard all the testimony and has to make the determination on her own." N.T., 10/10/18, at 8. The Commonwealth argued that Creamer used a deadly weapon when committing terroristic threats, based on Anderson's testimony that Creamer had held a knife to her throat. *Id.* at 8-9. After the court determined it would apply the deadly weapon enhancement, defense counsel stated, "[T]hat's discretionary

_____

[3] Without the enhancement, the standard range was a minimum of restorative sanctions to one month's imprisonment; the aggravated range went up to a minimum of four months' imprisonment. Tr. Ct. Op. at 5-6; *see also* 204 Pa. Code § 303.16(a).

with the court. The [c]ourt makes that determination. So I have nothing to really argue about. It was she said he said[,] so." ***Id.*** at 9.

The court then sentenced Creamer to six to 23 months' imprisonment for terroristic threats, which was within the standard range with the deadly weapon enhancement. The court imposed periods of probation for the other charges.

Creamer did not file a post-sentence motion, but filed a timely notice of appeal. On appeal, Creamer states his issue as follows: "Did the court abuse its discretion at sentencing in applying the deadly weapon enhancement to the conviction for terroristic threats?" Creamer's Br. at 4.

Creamer argues that the jury's acquitting him of REAP "suggests they were not convinced that a weapon was used or put in a position to recklessly endanger the victim." ***Id.*** at 10. Creamer contends that the court's application of the deadly weapon enhancement to his terroristic threats conviction contradicted the jury's verdict, and violated his Sixth Amendment right to trial by jury. ***Id.*** at 11-12. At the same time, Creamer argues that the use of the enhancement is considered a discretionary aspect of sentence, and that the court abused its discretion in applying it. ***Id.***

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that the Sentencing Code required it to determine whether Creamer had used a dangerous weapon in committing the offense, and, if so, to consider the suggested guidelines ranges including the enhancement. ***See*** Tr. Ct. Op. at 7 (citing 204 Pa.Code 303.10(a)(2) and ***Commonwealth v. Solomon***, 151

A.3d 672, 677-78 (Pa.Super. 2016)); **see also** 18 Pa.C.S.A. § 913(f) (including "knife" in the definition of "dangerous weapon").[4] The court also stated that doing so does not "usurp the function of the jury," because the sentencing guidelines' suggested minimum sentencing ranges are suggestive and not mandatory. Therefore, the fact of whether Creamer used a deadly weapon was not an element of the offense that mandatorily increased his sentence, but rather an appropriate consideration for the court at the penalty phase. **Id.** at 7-8 (citing **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa.Super. 2015), *vacated on other grounds*, 149 A.3d 29 (Pa. 2016)). Finally, the court noted that as Creamer did not file a post-sentence motion, issues regarding the discretionary aspects of his sentence were waived for appeal. **Id.** at 8.

We have previously rejected arguments that the court's utilization of enhancements when calculating the sentencing guidelines ranges violates the defendant's right to a jury trial, as the guidelines "only require the trial court to consider a certain range of sentences. The enhancements do not bind the trial court to impose any particular sentence, nor do they compel the court to sentence within the specified range." **Ali**, 112 A.3d at 1226; **see also**

---

[4] The court erroneously stated it was required to determine if Creamer used a "deadly" weapon as defined in 18 Pa.C.S.A. § 2301, rather than a "dangerous" weapon as defined by in Pa.C.S.A. § 913. **See** Tr. Ct. Op. at 7; 204 Pa.Code 303.10(a)(2)(ii) (requiring trial court to apply the deadly weapon enhancement upon finding that defendant threatened or injured another individual with use of "any dangerous weapon (as defined in 18 Pa.C.S.[A]. § 913)"). The error has no bearing on our analysis, as Creamer does not contest that a knife qualifies as a "dangerous weapon" under the guidelines.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa.Super. 2014) (explaining that deadly weapon enhancement does not violate the Sixth Amendment right to trial by jury). The Supreme Court has similarly rejected the argument that "the Sentencing Guidelines run afoul of the Sixth Amendment to the extent that they allow a sentencing judge to depart from the recommended ranges based on facts not found by a jury[.]" ***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1114 (Pa. 2007).[5]

In other words, while application of the enhancement requires a court to find facts, rather than the jury, the court's findings only affect the ranges the court takes into consideration, along with many other factors, when imposing sentence. Indeed, a court often considers many other facts at sentencing which were never before the jury, such as the defendant's criminal history and personal background. Here, Creamer was sentenced below the

---

[5] In ***Yuhasz***, the appellant challenged the court's imposition of a sentence above the standard range of the sentencing guidelines based on aggravating factors found by the court. The Court held that because Pennsylvania's sentencing guidelines are merely advisory, and "[b]ecause the statutory maximum is the polestar for Sixth Amendment purposes, a judge may impose a sentence outside the [standard guidelines range] without unconstitutionally increasing the punishment for a crime based on judicially-determined facts as long as the maximum sentence imposed does not exceed the statutory limit." 923 A.2d at 1119 (footnote omitted); ***accord Commonwealth v. Saunders***, 946 A.2d 776, 788 (Pa.Super. 2008) ("where the statutory maximum is not exceeded, a trial court's reliance upon facts not admitted at trial in departing from the sentencing guidelines is 'constitutionally irrelevant'") (quoting ***Yuhasz***, 923 A.2d at 1119).

five-year statutory maximum as established by the legislature,[6] and the court's reliance on facts not explicitly found by the jury, in applying the enhancement, did not violate the Sixth Amendment. *Ali*, 112 A.3d at 1226.

In addition, as foregoing decisions make clear, a challenge to the factual conclusions made by the court that led to its consideration of the deadly weapon enhancement implicates the court's use of its discretion when fashioning the sentence.[7] Creamer did not argue at sentencing or in a post-sentence motion that the court's application of the deadly weapon enhancement was an abuse of discretion in light of his acquittal on REAP; rather, Creamer acquiesced to the court's decision on whether to apply the enhancement. As Creamer failed to preserve the issue, it is waived. *See Commonwealth v. Tavarez*, 174 A.3d 7, 10 (2017), *appeal denied*, 189 A.3d 385 (Pa. 2018) (stating challenges to court's application of the deadly weapon

---

[6] *See* 18 Pa.C.S.A. §§ 2706(d) (grading the offense of terroristic threats as a first-degree misdemeanor unless other conditions apply), 1104(1) (stating that the maximum sentence for a first-degree misdemeanor is five years' imprisonment).

[7] In contrast, a claim that the court applied a statutory enhancement that **binds it** to impose an elevated sentence based on facts found by the judge, rather than the jury, implicates the legality of the sentence, rather than its discretionary aspects, and may be raised for the first time on appeal. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa.Super. 2014) (stating challenge that to a sentence under *Alleyne v. United States*, 570 U.S. 99 (2013), or *Apprendi v. New Jersey*, 530 U.S. 466 (2000), implicates the legality of the sentence and is not subject to waiver); *Alleyne*, 570 U.S. at 114-15 (holding any fact aside from prior conviction that increases mandatory minimum must be submitted to the jury); *Apprendi v. New Jersey*, 530 U.S. at 490 (holding any fact aside from prior conviction that increases penalty beyond statutory maximum must be submitted to the jury).

enhancement implicate the discretionary aspects of sentencing); ***Commonwealth v. Wallace***, 533 A.2d 1051, 1053 (Pa.Super. 1987) (holding challenges to the deadly weapon enhancement based on the "unconstitutionality of the factors considered in the exercise of the court's discretion" must be raised and preserved).

Finally, even if it were preserved, Creamer's argument that the court abused its discretion in applying the enhancement after the jury acquitted Creamer of REAP lacks merit because "a defendant may not challenge his conviction on one count when it is inconsistent with the jury's verdict of acquittal on another count." ***Commonwealth v. Moore***, 103 A.3d 1240, 1246 (Pa. 2014). This is because, in such a case, although a jury conviction establishes that the jury found each element of a crime beyond a reasonable doubt, no such factual inference can be made by a jury's acquittal. ***Id.*** at 1250; ***see also id.*** at 1242, 1250 (affirming conviction of possessing instrument of crime despite jury's acquittal of murder following self-defense claim).

Here, although the jury concluded each element of the offense of terroristic threats was met beyond a reasonable doubt,[8] we cannot infer from the jury's acquittal on REAP that the evidence at Creamer's trial failed to meet

---

[8] "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S.A. § 2706(a)(1).

any element of that offense,[9] let alone conclude that the jury found that Creamer did not use a knife when committing terroristic threats. Thus, the court neither contradicted the findings of the jury nor abused its discretion by applying the enhancement. To the contrary, the court followed the statutory mandate to apply it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2019

---

[9] "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.