J-S35012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER SNYDER | : | |
| | : | |
| Appellant | : | No. 2060 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-2658-2018

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 19, 2023**

This matter was remanded from the Pennsylvania Supreme Court for reconsideration in light of its decision in ***Commonwealth v. Thorne***, 276 A.3d 1192 (Pa. 2022). Therein, the High Court held that constitutional challenges to Revised Subchapter H of the Pennsylvania Sentencing Code, 42 Pa.C.S. §§ 9799.10-.42 ("Revised Subchapter H"), which properly implicate the legality of a defendant's sentence cannot be waived.[1] ***Id***. at 1197-98. In

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] This Court's first adjudication of this matter held, *inter alia*, that Appellant's various constitutional claims regarding his registration requirements under Subchapter H of the Pennsylvania Sentencing Code were waived due to his failure to raise them in the trial court. ***See Commonwealth v. Snyder***, 251 A.3d 782, 792-95 (Pa.Super. 2021), *vacated in part by*, 236 MAL 2021, 2022 WL 4841886 (Pa. Oct. 4, 2022). On October 4, 2022, our Supreme Court vacated this specific portion of our holding and remanded to this Court for reconsideration in light of ***Commonwealth v. Thorne***, 276 A.3d 1192, 1197-98 (Pa. 2022) ("***Thorne***"). The remainder of ***Snyder*** remains unchanged.

light of that holding, we remand to the trial court for the development of a full factual record concerning Appellant's constitutional challenges that implicate the legality of his sentence.

We need not recite the entirety of the lengthy factual and procedural history of this matter. Appellant is subject to Tier III lifetime registration under Revised Subchapter H due to his commission of indecent assault pursuant to 18 Pa.C.S. § 3126(a)(7). *See* 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3) (categorizing that committing indecent assault against a complainant "less than 13 years of age" requires registration for "the life of the individual"). Appellant was also determined not to be a sexually violent predator ("SVP"). No post-sentence motion was filed. In his concise statement of errors pursuant to Pa.R.A.P. 1925(b), Appellant raised for the first time several claims under the United States and Pennsylvania Constitutions regarding the validity of Revised Subchapter H. *See* Rule 1925(b) Statement, 8/7/19, at ¶ 6. These allegations are also substantively discussed in Appellant's brief to this Court. *See* Appellant's brief at 19-32.

The constitutionality of a statute presents a "pure question of law," over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Brooker*, 103 A.3d 325, 334 (Pa.Super. 2014). Our Supreme Court has also offered the following discussion of the burden borne by those seeking to invalidate a statutory scheme on constitutional grounds:

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws

which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B.*, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." *Id*.

*Commonwealth v. Torsilieri*, 232 A.3d 567, 575 (Pa. 2020).

Preliminarily, we note that several of Appellant's arguments implicate alleged due process violations predicated upon Appellant's right to reputation pursuant to Article 1, §§ 1 and 11 of the Pennsylvania Constitution. *See* Rule 1925(b) Statement, 8/7/19, at ¶ 6(a)-(c), (e); Appellant's brief at 19-24; *see also* PA. CONST. Art. 1, §§ 1, 11. As noted above, *Thorne* reaffirmed the axiomatic principle of Pennsylvania law that claims concerning the legality of a defendant's sentence cannot be waived. *See Thorne*, *supra* at 1197-98. However, this Court has historically rejected attempts to style due process claims as pertaining to the legality of a defendant's sentence. *See*, *e.g.*, *Commonwealth v. Wallace*, 533 A.2d 1051, 1053-54 (Pa.Super. 1987) (collecting cases). Moreover, our Supreme Court held in *Commonwealth v. Muniz*, 164 A.3d 1189, 1195 n.7 (Pa. 2017), *superseded by statute on separate grounds as recognized in* *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), that a defendant waived similar due process arguments under the Pennsylvania Constitution by failing to raise them in the trial court. Accordingly, we conclude that Appellant's constitutional claims predicated solely upon alleged due process violations are waived. *Id*.; *accord Thorne*,

*supra* at 1197 (noting that a constitutional claim addressed at an alleged due process violation did not implicate legality of a sentence).

Nonetheless, several of Appellant's claims inarguably implicate the legality of his sentence, including claims that the registration requirements imposed by Revised Subchapter H:  (1) constitute "cruel and unusual punishment" pursuant to the United States and Pennsylvania Constitutions; (2) are predicated upon facts that were not determined by a jury as required by *Alleyne v. U.S.*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000);[2] and (3) violate state and federal principles of double jeopardy.  *See* Rule 1925(b) Statement, 8/7/19, at ¶ 6(f)-(h); Appellant's brief at 24-32.  The nonwaiveable nature of these particular claims is well-established in Pennsylvania law.[3]  *See Thorne*, *supra* at 1196.  Overall, Appellant alleges Revised Subchapter H unduly relies upon an irrebuttable presumption that all sexual offenders are dangerous and "pose a high risk of committing additional sexual offenses[.]"  Appellant's brief at 20.

---

[2] "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. U.S.*, 570 U.S. 99, 103 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10, 490 (2000)).

[3] In addition to these two categories of claims, Appellant has advanced an argument that Revised Subchapter H violates the separation of powers doctrine by usurping "the exclusive judicial function of imposing a sentence." Appellant's brief at 35.  Our review of Pennsylvania case law has uncovered no precedent indicating this claim implicates the legality of Appellant's sentence and Appellant has advanced no such support for his position. Accordingly, we will deem this argument to be waived.

Such arguments are identical to those addressed in *Torsilieri*, wherein our Supreme Court determined a petitioner advanced "colorable constitutional challenges" to Revised Subchapter H and remanded for further development of the factual record. *Torsilieri*, *supra* at 584. Unlike in *Torsilieri*, however, we note that Appellant has not offered any specific scientific evidence or learned testimony in support of his position. *Cf. id*. at 596 ("[I]t will be a rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination.").

In *Thorne*, our Supreme Court discussed this specific scenario and directed that petitioners are entitled to remand and an opportunity to provide supplemental argument and scientific evidence to support arguments challenging Revised Subchapter H:

> If . . . we were to conclude that Appellant is not entitled to a remand . . . or preclude Appellant from offering scientific evidence to establish the punitive nature of Revised Subchapter H on remand, Appellant would derive absolutely no benefit from our holding today. In other words, our ruling today—*i.e.*, that constitutional challenges to the lifetime registration requirement set forth in Revised Subchapter H implicate the legality of a sentence and, therefore, cannot be waived—would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during his/her underlying criminal proceedings in order to preserve the issue.

*Thorne*, *supra* at 1198 n.13. Additionally, this Court has held that cases raising arguments in conformity with *Torsilieri* are entitled to remand to the

trial court for an evidentiary hearing where the claims are raised for the first time on appeal, thereby precluding the creation of an adequate factual record. *See Commonwealth v. Boyd*, \_\_\_ A.3d \_\_\_, 2022 WL 17983088, at \*2 (Pa.Super. Dec. 29, 2022).

Thus, in accordance with *Thorne* and *Torsilieri*, we will remand to the trial court for an evidentiary hearing and an opportunity for Appellant to supplement his arguments with scientific evidence.

Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *1/19/2023*