J-S10043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HOLLY DAWN METZLER | : | |
| | : | |
| Appellant | : | No. 1169 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 28, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000215-2019

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: JULY 22, 2024**

Holly Dawn Metzler ("Metzler") appeals from the judgment of sentence imposed following her *nolo contendere* pleas to various sexual offenses. Metzler solely challenges the constitutionality of Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA II")[1] as applied to her.  We affirm.

---

[1] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.  We observe that SORNA was originally enacted on December 20, 2011, effective December 20, 2012.  **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011).  Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018).  Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II.  Through Act 10, as amended in Act 29, the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.  Subchapter I addresses sexual offenders who committed
*(Footnote Continued Next Page)*

We need not discuss the facts underlying Metzler's convictions. We only note that Metzler pleaded *nolo contendere* to dissemination of explicit sexual material to minors, corruption of minors, and unlawful contact with a minor[2] in connection with her sending a seventeen-year-old child nude photographs and videos of herself. *See* Trial Court Opinion, 12/16/23, at 1-2 (unnumbered). Before entering her plea on August 28, 2023, Metzler agreed not to proceed with a SORNA II hearing. *See* N.T., 8/28/23, at 4, 12. Instead, Meltzer's counsel stated that he "will file a post[-]sentence motion to protect her *Torsilieri* rights. . .."[3] *Id*. at 4-5. The trial court accepted Metzler's plea

_____

an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

[2] *See* 18 Pa.C.S.A. §§ 5903(c)(1), 6301(a)(1), 6318(a)(4).

[3] *See Commonwealth v. Torsilieri*, 232 A.3d 567, 575 (Pa. 2020) ("*Torsilieri I*"). In *Torsilieri I*, a divided majority of our Supreme Court vacated the portion of the trial court's order declaring the registration and notification requirements of Revised Subchapter H unconstitutional. While the High Court found that the defendant's evidence raised a colorable argument to debunk the settled view of sexual offender recidivation rates and the effectiveness of tier-based sexual offender registration systems underlying the General Assembly's findings as well as various decisions of the High Court and the United States Supreme Court, the *Torsilieri I* Court noted the lack of opposing science in the record, as well as the fact that the record did not, at that time, provide a sufficient basis to overturn the legislative presumption. Hence, the *Torsilieri I* Court remanded the matter to the trial court for further evidentiary proceedings. Specifically, the *Torsilieri I* Court directed the trial court to consider whether the registration and notification requirements applicable to sexual offenders constituted criminal punishment, and in doing
*(Footnote Continued Next Page)*

and immediately sentenced her to a period of five years' probation. Because of her *nolo contendere* plea to unlawful contact with a minor, the trial court classified Metzler as a Tier II sexual offender under Revised Subchapter H of SORNA II and directed her to register for a period of twenty-five years.[4] ***See*** 42 Pa.C.S.A. §§ 9799.14(c)(5), 9799.15(a)(2). Notwithstanding her counsel's representations to the trial court, Metzler did not file a post-sentence motion. Metzler filed a timely notice of appeal. Both Metzler and the trial court complied with Pa.R.A.P. 1925.

Metzler presents two issues for our review:

1. Whether [SORNA II] is unconstitutional as applied to [Metzler]?

2. Whether [SORNA II] is unconstitutional for violation of Article 1, Section 1 of the Pennsylvania Constitution[?]

Metzler's Brief at 7.[5]

The constitutionality of a statute presents a pure question of law, over which our standard of review is *de novo*, and our scope of review is plenary.

---

so, to address five of the seven factors set in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144, (1963). Following remand, the matter then returned to our High Court, where it remained pending at the time of Metzler's sentencing.

[4] Although the trial court did not specify which subchapter of SORNA applied Metzler's convictions, the record is clear that Revised Subchapter H applies to her convictions, including its twenty-five-year reporting requirement, as each of her offenses occurred after December 20, 2012. ***See*** Affidavit of Probable Cause, 1/25/19, at 2 (indicating that all of Metzler's offending conduct occurred in 2018).

[5] As Metzler's issues are interrelated, we will address them together.

*See Commonwealth v. Brooker*, 103 A.3d 325, 334 (Pa. Super. 2014).

Moreover, our Supreme Court has declared:

> In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *In re J.B.*, . . . 107 A.3d 1, 14 ([Pa.] 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." *Id*.

*Torsilieri I*, 232 A.3d at 575.

For the first time on appeal, Metzler claims that SORNA II is unconstitutional under Article I, Section 1 of the Pennsylvania Constitution as it applies to her because she has no prior criminal history, she received a probationary sentence because she was not deemed to pose any significant future risk, and her reputation will suffer far beyond the period of her probation. Metzler further claims that the registration requirement constitutes cruel and unusual punishment under Article 1, Section 13 of the Pennsylvania Constitution, noting that the period of registration is greater than any sentence which could be imposed for her conviction. Finally, Metzler contends that her sentence is illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013), because, even if the sentences which could have been imposed at the statutory maximum in this matter were to be run consecutively, they would not reach an aggregate twenty-five-year period.

Initially, we must determine whether we may address Metzler's issues. Generally, issues not properly raised and preserved before the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a) (providing that issues not raised in lower court are waived and cannot be raised for first time on appeal). However, a challenge which implicates the legality of an appellant's sentence is an exception to the issue preservation requirement. *See Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) (holding that "an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*").

Recently, our Supreme Court held that constitutional challenges to SORNA II — Revised Subchapter H, when framed as an *Apprendi*[6]-based claim that lifetime registration requirements constitute cruel and unusual punishment, implicate the legality of a sentence, and cannot be waived on the basis that such claims were raised for the first time on appeal. *Id*. at 1198.

Metzler's first constitutional challenge asserts that the clause within Article I, Section I of the Pennsylvania Constitution recognizing individual rights to protect one's reputation precludes the imposition of SORNA II's

---

[6] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Revised Subchapter H, Tier II twenty-five-year registration.[7]    Metzler's argument of harm to her to reputation implicates alleged due process violations.   However, this Court has historically rejected attempts to style constitution-based due process claims as pertaining to the legality of a defendant's sentence.   ***See, e.g., Commonwealth v. Wallace***, 533 A.2d 1051, 1053-54 (Pa. Super. 1987) (collecting cases and noting that constitutional issues, even sentencing issues based on the constitution, are waived if not properly raised in the trial court).   Accordingly, we conclude that Metzler's constitutional claims predicated solely upon alleged due process violations under Article I, Section I of the Pennsylvania Constitution are waived based on her failure to raise them in the trial court.   ***See Commonwealth v. MacFarlane***, 311 A.3d 613 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's claims of due process violations predicated on his right to reputation pursuant to Article 1, Sections 1 and 11 of the Pennsylvania Constitution failed to implicate the legality of his sentence and were subject to waiver); ***see also Commonwealth v. Snyder***, 292 A.3d 1106 (Pa. Super. 2023) (unpublished memorandum) (same).[8]

---

[7] The Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."  Pa. Const. Art. I, § 1.

[8] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

In Metzler's remaining constitutional challenge raised for the first time on appeal, she posits that the Revised Subchapter H, Tier II registration and reporting requirements: (1) inflict cruel and unusual punishment on her in contravention of the Pennsylvania Constitution's Article I, Section 13; and (2) are predicated upon facts that were not determined by a jury as required by **Alleyne**, 570 U.S. at 108 (holding that any fact which, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt), and **Apprendi**, 530 U.S. at 466 (holding that any fact which increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt).

Metzler contends that her lifetime registration requirement constitutes an illegal sentence because it violates the constitutional prohibition against cruel and unusual punishment. Such claims indisputably implicate the legality of one's sentence and cannot be waived on the basis that it was raised for the first time on appeal. **See Thorne**, 276 A.3d at 1196, 1198. A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014).

During the pendency of this appeal, our Supreme Court issued its decision in **Commonwealth v. Torsilieri**, No. 97 MAP 2022, 2024 LEXIS 799 (Pa. 2024) ("**Torsilieri II**"). Therein, our High Court initially considered whether the trial court erred by determining that the presumption contained

in section 9799.11(a)(4) of SORNA II — that individuals convicted of sexual offenses pose a high risk of committing additional sexual offenses — was an unconstitutional irrebuttable presumption.[9]  **See Torsilieri II**, No. 97 MAP 2022, 2024 Pa. LEXIS 799 at *20.  The High Court observed that the defendant's own experts conceded that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses, and determined that such evidence, in fact, validates the statutory underpinnings of Revised Subchapter H.  **Id**. at *56.  The High Court went on to conclude that the defendant failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm.  **Id**.

The **Torsilieri II** Court then considered whether the trial court erred in determining that the registration and notification requirements of Revised Subchapter H are punitive.  After considering and balancing five of the **Mendoza-Martinez** factors,[10] the High Court determined that two weighed in

---

[9] To challenge such assumptions under the irrebuttable presumption doctrine, a challenging party must demonstrate: (1) an interest protected by the due process clause; (2) utilization of a presumption that is not universally true; and (3) the existence of a reasonable alternative means to ascertain the presumed fact.  **See Torsilieri II**, No. 97 MAP 2022, 2024 Pa. LEXIS 799 at *4.

[10] The **Mendoza-Martinez** factors considered by the **Torsilieri II** Court, in relation to the registration and notification requirements of Revised Subchapter H, were: (1) whether the requirements involve an affirmative disability or restraint; (2) whether they have been historically regarded as punishment; (3) whether their operation will promote the traditional aims of
*(Footnote Continued Next Page)*

favor of finding Subchapter H to be punitive in effect, and three weighed in favor of finding the legislation to be nonpunitive, with the sixth and seventh factors being given the greatest weight. Nonetheless, the **Torsilieri II** Court ruled that weighing the **Mendoza-Martinez** factors did not compel a conclusion that Revised Subchapter H is punitive. **Id**. at **84-85. The Court additionally concluded that the defendant's constitutional challenges failed because he did not meet his heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose of informing and protecting the public. **Id**. at *86.

Instantly, we observe that Metzler chose not to proceed with a SORNA II hearing in which she could have submitted evidence in support of her constitutional claims. Accordingly, the trial court did not conduct an evidentiary hearing on her constitutional claims and no evidence was admitted into the record to support those claims. Thus, on the record before us, Metzler's constitutional challenges must fail because she cannot meet her heavy burden, by the clearest of evidence, to rebut the General Assembly's stated non-punitive purpose of informing and protecting the public. **Id**. at

_____

punishment—retribution and deterrence; (4) whether they may be rationally connected to an alternate purpose; and (5) whether they are excessive in relation to the alternative purpose. **Torsilieri II**, No. 97 MAP 2022, 2024 Pa. LEXIS 799 at *13. Consistent with prior case law, the High Court determined that **Mendoza-Martinez** factor 3, a finding of scienter, and factor 5, past criminal misconduct, provided little guidance in determining whether Revised Subchapter H is punitive, and, thus, did not consider these factors. **See Torsilieri I**, 232 A.3d at 58; **see also Torsilieri II**, No. 97 MAP 2022, 2024 Pa. LEXIS 799 at *13 n.8.

*86; *see also Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210, 1218 (Pa. Super. 2023) (holding appellant failed to satisfy the high burden to prove unconstitutionality of SORNA II provisions applicable to him where the record was devoid of evidence because appellant decided to forego an evidentiary hearing). Moreover, the *Torsilieri II* Court ruled that weighing the *Mendoza-Martinez* factors did not compel a conclusion that Revised Subchapter H is punitive. *Id*. at **84-85. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/22/2024