J-A08016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 1632 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000631-2012,
CP-45-CR-0001741-2013.


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 1749 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000631-2012,
CP-45-CR-0001741-2013.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICHOLAS POSSINGER :
:
Appellant : No. 2493 EDA 2019

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-001741-2013.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NICHOLAS POSSINGER :
:
Appellant : No. 2494 EDA 2019

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-0000631-2012.

BEFORE: LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.: Filed: July 23, 2020

Nicholas Possinger filed four appeals from the same order holding him in contempt for willfully failing to pay costs and fines which arose from two, unrelated, criminal cases. We affirm, because Possinger waived all of his appellate issues.

I.

Preliminarily, we address whether we must quash any of Possinger's four appeals. Whether an appellant has fulfilled the requirements of the

- 2 -

Pennsylvania Rules of Appellate Procedure "presents a pure question of law . . . Accordingly, our scope of review is plenary, and the standard of review is *de novo*." ***Commonwealth v. Williams***, 106 A.3d 583, 286 (Pa. 2014). Also, whether this case was still within the trial court's original jurisdiction when the trial court reinstated Possinger's appellate rights *nunc pro tunc* "centers on the question of subject-matter jurisdiction. As this question is purely one of law, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007).

On May 13, 2019, the court of common pleas held Possinger in contempt for nonpayment of costs and fines, which a trial court and a magisterial-district court imposed after he pleaded guilty in two separate, criminal matters.[1] Three weeks later, Possinger timely filed two notices of appeal, in accordance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower-court docket number). But, at the direction of the Clerk of Courts of Monroe County, Possinger included both docket numbers on both of his notices of appeal. After docketing Possinger's first two appeals at Nos. 1632 and 1749 of EDA 2019, this Court issued a rule to show cause why we should not quash them under ***Commonwealth v. Creese***, 216 A.3d 1142, 1114 (Pa. Super. 2019), which stated, "a notice of appeal may contain only one [trial-court] docket number."

---

[1] Possinger pleaded guilty to theft by unlawful taking (18 Pa.C.S.A § 3921(a)) and possession with intent to deliver (35 Pa.C.S.A. §780-113(a)(30)).

In response, Possinger moved the trial court to reinstate his appellate rights, *nunc pro tunc*, so he could file new, ***Walker***-and-***Creese***-conforming notices of appeal. The trial court issued an order granting his request, so Possinger filed two more notices appeal complying with ***Walker and Creese***. After docketing these new appeals at Nos. 2493 and 2494 of EDA 2019, this Court issued another rule to show cause why we should not quash his *nunc pro tunc* appeals, because his original notices of appeal (although defective under ***Creese***) perfected our appellate jurisdiction. This fact, we reasoned, likely deprived the trial court of jurisdiction to grant Possinger *nunc pro tunc* relief.

Because Possinger responded to both rules, this Court deferred the resolving of the ***Creese*** and jurisdictional issues to this panel. We recently overruled the statement in ***Creese*** that prompted our original rule to show cause, regarding Possinger's appeals docket at Nos. 1632 and 1749 of EDA 2019. ***See Commonwealth v. Johnson***, ____ A.3d ____, ____, (Pa. Super. 2020) (*en banc*) (filed July 9, 2020), Slip Opinion at 12 (partially overruling ***Creese*** to the extent that ***Creese*** interpreted ***Walker*** as requiring Superior Court to quash appeals when appellant files multiple notices of appeal and each notice lists all of the appealed from docket numbers). ***See also Commonwealth v. Larkin***, ____ A.3d ____, ____, (Pa. Super. 2020) (*en banc*) (filed July 9, 2020), Slip Opinion at 3 (accord). In light of ***Johnson*** and ***Larkin***, Possinger's first appeals (1632 and 1749 EDA 2019) may proceed,

notwithstanding his inclusion of both trial-court docket numbers on his separate notices of appeal.

On the other hand, Possinger's now-redundant, *nunc pro tunc* appeals at Nos. 2493 and 2494 of EDA 2019 are inoperable, because, as we explained in our second rule to show cause, "the trial court lacked jurisdiction to grant *nunc pro tunc* relief on August 26, 2019." *Per Curiam* Order of the Superior Court, 9/19/19, at 1. Under Rule of Appellate Procedure 1701(a), "after an appeal is taken . . . the trial court . . . may no longer proceed in the matter." When a party appeals (if that appeal is from an appealable order or a final judgment), that appeal divests the trial court of its original jurisdiction. **See**, **e.g.**, **Commonwealth v. Bishop**, 829 A.2d 1170 (Pa. Super. 2003).

As the trial court lacked jurisdiction when it issued the order purporting to reinstate his appellate rights *nunc pro tunc*, we vacate that order as void and without force or effect. Accordingly, the two appeals that Possinger filed after that order also lack force or effect. We therefore quash his two appeals at Nos. 2493 and 2494 EDA of 2019.

II.

In his two valid appeals (*i.e.*, 1632 and 1749 EDA 2019), Possinger raises three issues. They are:

> 1. Did the trial court err by finding Possinger in contempt of court for nonpayment of fines and costs even though the court had never previously entered any clear, definite, and specific order specifying a payment schedule?

2.      Did the trial court err by finding that Possinger willfully failed to pay fines and costs even though such a finding was not supported by the evidence submitted at the hearing, which supported nothing other than a finding of indigence?

3.      Did the trial court err by finding Possinger in contempt due to willful nonpayment of fines and costs without making findings on the record regarding his ability to pay?

Possinger's Brief at 4.

We may not address the merits of these issues, because Possinger did not raise them below. By failing to appraise the trial court that he believed it was committing procedural and constitutional errors, Possinger waived those alleged errors, because he has not preserved any of them for our appellate review.[2]

Any "claims not raised in the trial court may not be raised for the first time on appeal." **Commonwealth v. Johnson**, 33 A.3d 122, 126 (Pa. Super. 2011). **See also** Pa.R.A.P. 302(a). Moreover, Possinger's "Statement of the Case" must fulfil the following four criteria regarding issue preservation:

(1)      [Specify] **the manner in which** the questions sought to be reviewed were raised.

(2)      **The method of raising them** (*e.g.* by a pleading, by a request to charge and exceptions, etc.).

(3)      The way in which they were passed upon by the court.

---

[2] This analysis requires us to interpret and to apply the Rules of Appellate Procedure, and, therefore, our scope and standard of review are unchanged from Part I., above. **See Commonwealth v. Williams**, 106 A.3d 583, 286 (Pa. 2014).

> (4)   Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

Pa.R.A.P. 2117(c) (emphasis added).

Possinger's brief does none of the above. *See* Possinger's Brief at 5-6. Our review of the record reveals that no "manner" or "method" of issue preservation occurred during Possinger's contempt hearing.

Unlike in **Commonwealth v. Mauk**, 185 A.3d 406 (Pa. Super. 2018), where the trial court ordered Mr. Mauk and other, unrelated defendants to jail without protecting their Sixth Amendment right counsel or even their basic due-process right to a hearing under the Fourteenth Amendment, Possinger enjoyed both of those rights. Holding that Mr. Mauk had waived his appellate issues by not objecting and articulating, *pro se*, his constitutional claims, while the sheriff's deputies dragged him from the courtroom in shackles, would have perverted justice. Thus, we did not care whether Pa.R.A.P. 302(a) technically barred him from asserting his fundamental constitutional rights for the first time on appeal. Even if it did, Rule 302(a), as applied to his circumstances, would have likely had bowed before the Due Process Clause and allowed us to resolve Mr. Mauk's appellate claims.

Here, by contrast, Possinger had the assistance of counsel[3] and the trial court heard from both him and his attorney. Possinger therefore could and

_____

[3] Whether that assistance was effective is not before us in this appeal.

should have raised all of the issues he now raises in his appellate brief in the trial court, pursuant to Rule 302(a). There is a "well-entrenched principle that [even] constitutional issues are waived if not raised and preserved at all levels of adjudication." **Commonwealth v. Wallace**, 533 A.2d 1051, 1054 (Pa. Super. 1987).

The proceeding in question opened with the trial court calling Possinger's case, by itself, for a hearing on the Commonwealth's motion for an adjudication of contempt. In compliance with **Mauk**'s requirement that defendants have counsel at such hearings, the trial court ensured that defense counsel was present. **See** N.T., 5/13/19, at 2. The prosecutor averred that Possinger was in arrears on his costs and fines in both of his cases.

Defense counsel then gave a brief history of the case and Possinger's life. He then summarized Possinger's struggles to obtain employment with a felony conviction, the likelihood that he would qualify for the public defender if current counsel were not representing him *pro bono*, and that any payments made to the trial court had come from Possinger's parents. Counsel next indicated that Possinger recently secured work as a painter and should be able to make future payments.

Defense counsel then said:

> I'm not sure the willfulness of his situation really applies, because I have always talked to [Possinger] and his family about the situation. He's always wanted to pay . . . It's not for lack of not wanting to; it's simply for a lack of having any money to put forward . . . I wanted the Court to be aware that leading up to today, I don't think this has ever been a situation where he's even been able to pay.

- 8 -

*Id.* at 4. This was the closest that defense counsel came to a legal argument, although he offered no case law for the trial court to consider, raised no constitutional issue, and made no objection that the trial court was proceeding inappropriately.

The trial court then received testimony from Possinger concerning his employment situation. The court also asked what amount Possinger thought he would be able to pay monthly toward costs and fines going forward.

The court then emphasized that it was "a big believer" that defendants need to "pay something" towards their costs and fines. *Id.* at 6. The court explained that it believed, "Everyone can afford something. I don't like seeing a year of not paying anything. I mean, even if it's $10 a month or every other month . . . ." *Id.*

Possinger did not object or even suggest that this was a misapplication of the willfulness test, as he now argues on appeal in his second and third appellate issues. Possinger likewise never mentioned the contents of the trial court's underlying, fines-and-costs order or its lack "any clear, definite, and specific order specifying a payment schedule," as Possinger contends in his first appellate issue. Possinger's Brief at 4.

Possinger has preserved none of the issues that he wishes to litigate for the first time on appeal. We therefore dismiss all three of them as waived.[4]

---

[4] Possinger also requested publication "because of the substantial, public importance of the issues raised in this appeal." Possinger's Brief at 34. Given that those issues were waived, request for publication is **DENIED**.

Order of contempt affirmed.  Order reinstating appellate rights *nunc pro tunc* vacated.  Appeals 2493 EDA 2019 and 2494 EDA 2019 quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/20