J-S31040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JARON MONT | : | |
| | : | |
| Appellant | : | No. 90 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007921-2019

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED OCTOBER 22, 2021**

Jaron Mont (Mont) appeals from the judgment of sentence imposed after his entry of a guilty plea in the Court of Common Pleas of Philadelphia County (trial court) to aggravated assault, possession of a firearm with an altered manufacturer's number, and persons not to possess firearms.[1]  We affirm.

**I.**

On September 23, 2019, at around 1:30 p.m., Mont fired a handgun seven times on a street in Philadelphia.  One of the bullets entered a nearby apartment and grazed a mother and her infant child.  Police recovered the fired cartridge casings and video surveillance showing Mont firing in the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 6110.2(a) and 6105(a)(1).

apartment's direction. The next day, when being pursued by police, he discarded a handgun as he ran away. After he was arrested, police found the handgun and later matched it to the recovered casings. Mont also gave the police a statement admitting that he was the shooter in the video surveillance video.

Mont entered a guilty plea to two counts of aggravated assault and one count each of possession of a firearm with an altered manufacturer's number and persons not to possess firearms. The trial court imposed an aggregate term of 8 to 18 years' imprisonment comprised as follows: concurrent sentences of 4 to 10 years each for both counts of aggravated assault; a consecutive 3 to 6 years for possession of a firearm with an altered manufacturer's number; and a consecutive 1 to 2 years for persons not to possess firearms.

After sentencing, Mont filed a timely post-sentence motion for modification that was denied by operation of law. He timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925(b).

On appeal, he raises two sentencing claims for review:

A. Is not the offense gravity score for 18 Pa.C.S. § 6110.2, assigned by the Sentencing Commission's Guidelines, invalid because it is inconsistent with the parameters established by the Legislature in 42 Pa.C.S. § 2154?

B. Did not the lower court err and abuse its discretion when, without adequately considering [Mont's] rehabilitative needs, it imposed an excessive and unreasonable sentence comprised of consecutive sentences on three charges, two related to possessing a single firearm and the third for aggravated assault, which was

already subject to the deadly weapon enhancement based on the same firearm?

Mont's Brief at 3.

## II.

## A.

In his first claim, Mont challenges his sentence for possession of a firearm with an altered manufacturer's number under 18 Pa.C.S. § 6110.2. He contends that the Sentencing Commission erred by assigning a disproportionately higher offense gravity score (OGS) for the offense of possessing a gun with an altered manufacturer's number than that for the offense of altering or obliterating marks of identification under 18 Pa.C.S. § 6117. While § 6110.2 has an OGS of either 9 or 10,[2] § 6117 has an OGS of 5. Mont claims that § 6117, in his opinion, should be considered a crime of greater culpability than possessing a weapon with an altered number. Moreover, he asserts that this discrepancy renders his sentence illegal because any person guilty of § 6117 is also guilty of § 6110.2 because altering or obliterating the manufacturer's number entails possession.[3]

_____

[2] Under the Sentencing Guidelines, § 6110.2 is subcategorized based on the offense's circumstances. *See* 204 Pa. Code. § 303.3(b). When the firearm is loaded or ammunition is available, the OGS is 10; if the firearm is not loaded or no ammunition is available, the OGS is 9. *Id.* § 303.15 (Offense Listing).

[3] We note that nothing precludes someone who alters the serial number from also being charged with possessing the weapon with an altered serial number, if that person also has possession of the weapon.

By assigning unequal OGSs for equally culpable crimes, Mont argues that the Sentencing Commission violated 42 Pa.C.S. § 2154, the enabling legislation under which the Legislature delegated the Sentencing Commission its authority to promulgate the Sentencing Guidelines. Under that statute, the Sentencing Commission is to consider, among other factors, "criminal behavior, by specifying a range of sentences of increased severity or intensity of intervention for offenders with increased culpability…" *Id.* § 2154(b)(3). Mont argues that the Sentencing Commission violated this factor and exceeded its authority by assigning an OGS for § 6110.2 that is disproportionate to that assigned to § 6117. As a result, he asks that we vacate his sentence and remand for resentencing.

**B.**

Because Mont did not raise this claim in the trial court,[4] we must determine whether his contention that the Sentencing Commission exceeded its authority when it assigned a higher OGS for § 6110.2 than § 6117 cannot be waived because it goes to the legality of the sentence or the discretionary aspects.

---

[4] Mont raised his claim for the first time in his statement of errors but styled it as a constitutional challenge. In its Pa.R.A.P. 1925(a), the trial court found the claim waived. *See* Trial Court Opinion, 2/22/21, at 3. Mont has abandoned any challenge based on constitutional grounds on appeal.

"[A] challenge to the legality of the sentence cannot be waived, but a challenge to the discretionary aspects can." ***Commonwealth v. Starr***, 234 A.3d 755, 759, 764 (Pa. Super. 2020) (citing ***Commonwealth v. Archer***, 72 A.2d 203, 209 (Pa. Super. 1998)).[5]

> A sentence is illegal for issue preservation purposes if the trial court exceeds its statutory authority in imposing it. ***Archer***, 722 A.2d at 209. Without the requisite authority, the trial court does not have jurisdiction to impose the sentence, resulting in an illegal sentence. ***Id.*** The legality of a sentence is distinct from a legal question about a sentence or a statute; whether a trial court erred poses a legal question, but not every error renders a sentence illegal. ***Id.***

***Starr***, 234 A.3d at 764.

> We have further explained:

> There is no bright line rule establishing whether a challenge to a sentence, constitutional or otherwise, implicates the legal or discretionary aspects of that sentence. ***See Commonwealth v. Spruill***, 622 Pa. 299, 80 A.3d 453, 460-461 (2013) (noting the Supreme Court's "experience with claims allegedly implicating sentence legality has not always been smooth" and noting the complexities involved in the issue). However, this Court has stated that "the term 'illegal sentence' is a term of art that our courts apply narrowly, to a relatively small class of cases." ***Commonwealth v. Robinson***, 931 A.2d 15, 21 (Pa. Super. 2007) [ (*en banc*) ].

> "Legality of sentence issues occur generally either: (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameter

---

[5] Our Supreme Court has noted, "in the issue preservation realm, that the question whether a claim implicates the legality of a sentence presents a pure question of law." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1276 (Pa. 2014) (citation and quotation marks omitted).

set forth by the General Assembly." [***Commonwealth v.***] ***Schutzues***, 54 A.3d [86,] 92 [ (Pa. Super. 2012) ] (quoting ***Commonwealth v. Foster***, 609 Pa. 502, 17 A.3d 332, 342 (2011)). Most other challenges implicate the discretionary aspects of a sentence, "even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension." ***Robinson***, 931 A.2d at 21.

***Commonwealth v. Succi***, 173 A.3d 269, 284-85 (Pa. Super. 2017).

Mont contends that his claim implicates the legality of his sentence because he is challenging whether the Commission exceeded its authority by not properly applying the § 2154 factors. However, because this a novel claim, Mont cannot cite case law that a claim of his type can be raised for the first time on appeal. Instead, he reviews several decisions about Pennsylvania's illegal sentencing doctrine. In this review, he notes that our Supreme Court provided recent guidance on the difference between discretionary and legality of sentence claims:

> Where a claim concerns the sentencing court's exercise of discretion in fashioning a sentence, the defendant must preserve and present the claim at trial by way of a contemporaneous objection and/or a post-trial motion and on appeal through the process provided by 42 Pa.C.S. § 9781(b) and Pa.R.A.P. 2119(f). Where a claim concerns the sentencing court's authority to impose a sentence, it is reviewable as of right on direct appeal, without regard to preservation of the claim. "[A] determination that a claim implicates the legality of a sentence ... operates to revive a claim otherwise insufficiently preserved below," and is reviewable by this Court on permissive appeal.

***Commonwealth v. Weir***, 239 A.3d 25, 34 (Pa. 2020) (citation omitted).

Mont believes that his claim falls under the latter category because the trial court's discretion was limited by being required by law to consider the

Sentencing Guidelines before imposing sentence. He equates his challenge to legality claims that have been found to be non-waivable because the sentencing court's statutorily prescribed authority to sentence was limited in some fashion. *See*, *e.g.*, *Commonwealth v. Barnes*, 151 A.3d 121, 126-27 (Pa. 2016) (holding challenges to mandatory minimum sentence before those sentences were later held unconstitutional implicate the legality of sentence); *see also Commonwealth v. Ford*, 217 A.3d 824, 830-31 (Pa. 2019) (PCRA petitioner's claim implicated legality of sentence where he claimed that the trial court imposed non-mandatory fines without conducting an ability-to-pay hearing).

First, we observe that "[a] claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence." *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (citation omitted). It is also "well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing." *Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted). In those instances, even when the defendant alleges that the trial court's sentence was affected or limited by a miscalculation of guidelines, we held that those claims involve the discretionary aspects of sentencing and must be properly preserved. *See Archer*, 722 A.2d at 211 (questions involving the misapplication of the Sentencing Guidelines constitutes a

challenge to the discretionary aspects of sentence and may be waived if not preserved).

Admittedly, Mont's claim differs somewhat because he is challenging the Sentencing Commission's promulgation of the Sentencing Guidelines rather than the trial court's application of them. That said, the distinction is negligible. He is essentially arguing that his challenge implicates the legality of sentence because the OGS for one of his convictions should have been lower. Assuming that a challenge can be made to the Sentencing Guidelines, while styled as illegal, but really is a claim of abuse of discretion, that does not make the sentence illegal. The Sentencing Guidelines are a component of the Sentencing Code, which is codified under 204 Pa. Code § 303.11. Under the Sentencing Guidelines, each criminal offense is assigned an OGS, which a sentencing court must consider when imposing its sentence. While Mont challenges the legality of the Sentencing Guidelines, it does not follow that his claim falls under the narrow class of sentencing claims that cannot be waived. *See Commonwealth v. Wallace*, 533 A.2d 1051, 1054 (Pa. 1987) (defendant waived constitutional overbreadth challenge to Sentencing Guidelines for failing to preserve it in the sentencing court).

To review, Mont is not challenging the grading of possession of a firearm with an altered manufacturer's number, nor is he claiming that the trial court misapplied a mandatory minimum or enhancement. In fact, he is not alleging that the trial court committed any error at sentencing. As a result, his

challenge is more akin to a question involving the application of the Sentencing Guidelines rather than those in ***Barnes*** and ***Ford*** where the appellant challenged the trial court's authority to impose sentence.

Because Mont's challenge to the assignment of OGS by the Sentencing Commission is not one which renders the sentence illegal, we conclude that it implicates the discretionary aspects of sentence. As a result, he waived this claim by failing to properly preserve it in the trial court.

## III.

## A.

In his second issue, Mont raises a challenge to the discretionary aspects of a sentence by claiming that his aggregate sentence was excessive.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> (1) Whether appellant has filed a timely notice of appeal;(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentenced appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Lucky***, 229 A.3d 657, 663-64 (Pa. Super. 2020) (internal quotation marks omitted).

Mont (1) filed a timely appeal, (2) preserved his challenge in a post-sentence motion, and (3) includes a concise statement under Pa.R.A.P.

2119(f) in his brief. The only issue remaining is whether he has raised a substantial question that the sentence is improper under the Sentencing Code.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (internal citations and quotations omitted).

In his Rule 2119(f) statement, Mont contends that the trial court imposed an excessive sentence by (1) failing to adequately consider his rehabilitative needs and (2) imposing unnecessarily duplicative consecutive sentences. We have held that an appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question" for review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (citation omitted). We, thus, turn to the merits of Mont's claim.[6]

---

[6] Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

**B.**

Mont, who was 19 at the time of the offense, argues that the trial court did not adequately consider his rehabilitative needs at sentencing. In support, he summarizes the mitigating evidence about his background that he presented at the sentencing hearing. This includes his achievements and work history during juvenile placements, as well as when he began to work and take GED classes before his arrest. Despite this evidence, Mont contends, the trial court improperly chose to focus on his "failures," presumably meaning his extensive juvenile record and the facts here.

He also faults the trial court for imposing consecutive sentences for aggravated assault and the two firearm offenses. Because his aggravated assault sentence already included a deadly weapon enhancement, Mont asserts that the trial court essentially sentenced him three times for the same core conduct.

Section 9721 of the Sentencing Code gives the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

---

> judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka**, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

42 Pa.C.S.A. § 9721(b).

> Furthermore,
>
> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-76 (Pa. Super. 2012)

(citations omitted).

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall...presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014)

(quotation marks and quotation omitted).

We also note that the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2013) (citation omitted). It is well-accepted that "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Wright*, 832 A.2d 1104, 1107 (Pa. Super. 2003).

Finally, "[w]here, as here, the sentencing court has the benefit of reviewing a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotation marks and citation omitted).

After review, we find that the trial court did not abuse its discretion in sentencing Mont to serve an aggregate 8 to 18 years' imprisonment. First, he does not argue that the trial court did not know or was unaware of his background. Indeed, the trial court had the benefit of a presentence investigation (PSI) report and read it into the record to confirm that the information about Mont's background—his upbringing, juvenile history—was accurate as stated in the PSI. *See* N.T., 8/4/20, at 23-31. The trial court also heard from several members of Mont' s family, including both his mother and his father and his aunt. *Id.* at 55-61. Contrary to his claim, the trial

court was well informed of his personal circumstances and background in considering his rehabilitative needs as part of its determination under § 9721(b).

Considering that information, the trial court gave mitigated sentences for both aggravated assault counts (one of which was concurrent), a mitigated sentence for possession of a firearm with an altered manufacturer's number, and a guideline sentence for persons not to possess firearms.[7]

Still, the trial court felt that consecutive sentences were warranted because of both the seriousness of his offenses and his extensive juvenile record. As the trial court explained,

> Here's what I have. I have an individual who has been a terror, and there's no other way to describe it, to society. I have no other way to describe a lovely family who has done everything they can to prevent this day from happening, Mr. Mont. Father, mother, relatives, I don't understand it. I don't understand how within a month you could be so entrenched that you would be the person that someone is calling, if I accept your counsel's version, to bring the gun on the street. It troubles me.
>
> What troubles me and what disappoints me is all the efforts that have been spent, not just by your family, but by the courts and all the individuals at the various facilities you were in to prevent us from being here today. It's just inconceivable that you could get so involved so quickly upon returning home.

---

[7] For the aggravated assault counts, the guidelines were 60 to 72 months, plus or minus 12 months, because a deadly weapon was used. *See* 204 Pa. Code. § 303.17(b) (Deadly Weapon Enhancement/Used Matrix). For possession of a firearm with an altered manufacturer's number, the guidelines were 42 to 54 months, plus or minus 12 months. *Id.* § 303.16(a) (Basic Sentencing Matrix). In addition, for persons not to possess firearms, the guidelines were 12 to 18 months, plus or minus 6 months. *Id.*

So do I want to give you a mitigated sentence? Yes, to benefit your family, because they're the ones that are hurt as much as you are by the sentence. But on the other hand, I have to be unemotional as well and say, wait a minute, from the age of 13 on, your family couldn't stop your behavior, in spite of all the love and the support. So what is my responsibility to those people out there who, not only have been hurt in the past, that may continue to be hurt by your behavior?

For the fact that I disagree with Defense counsel, I think I've already explained it. Your placements have not been successful. Do you earn and participate while you're inside? Yes. But that doesn't mean that the program has been successful. You've been offered mental health treatment and everything that you would need to put all of this behind you. It is not my job to speculate as to why it hasn't worked.

At this point, it is my job to look at the facts and weigh everything, which I have done, and I am prepared to sentence you.

N.T., 8/4/20, at 74-76.

This explanation shows that the trial court considered Mont's rehabilitative needs and factored them into its overall sentence. Even so, while Mont had shown progress in certain periods, he still amassed a substantial juvenile record before becoming adult.

Moreover, turning to this offense, Mont committed three distinct criminal acts. First, he illegally possessed a firearm, which he was prohibited from doing because of prior adjudications. Second, that firearm had an altered manufacturer's number, preventing it from being traced. Furthermore, he fired seven shots on a public street, one of which entered an apartment and nearly killed a mother and her one-month old infant. As a result, we do not

find that the trial court imposed an excessive sentence in aggregating these offenses and sentencing Mont to serve a total of 8 to 18 years' imprisonment.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021